The judgment is reversed and the cause remanded.

---

PEREZ v. COOK. (No. 917.)

(Court of Civil Appeals of Texas. El Paso. Jan. 30, 1919.)

1. MUNICIPAL CORPORATIONS ⬤⟿225(5) — CONVEYANCES — VALIDATION — CURATIVE ACT.

　Where plaintiff claimed title under a conveyance by the officers of the town of San Elizario, *held* that, even if an attempt to incorporate the town in 1879 under general statute was of no effect, the special charter not having been repealed, the title was validated by Acts 21st Leg. Special Laws (9 Gammel's Laws, p. 1371), and Acts 34th Leg. (1st Called Sess.) c. 12, § 1 (Vernon's Ann. Civ. St. Supp. 1918, art. 5393a).

2. TRESPASS TO TRY TITLE ⬤⟿12—ACTIONS—POSSESSION.

Though plaintiff failed to deraign title from the state, yet where defendants' plea of title by limitations was not sustained, and plaintiff showed prior possession of the land in his grantors, judgment for plaintiff was proper.

3. LANDLORD AND TENANT ⬤⟿63(1)—ESTOPPEL OF TENANT.

A tenant, who has recognized the title of his landlord by renting the land and paying rent, cannot attack the landlord's title.

Appeal from District Court, El Paso County; Ballard Coldwell, Judge.

Trespass to try title by Fred D. Cook against Esteban Perez. From judgment for plaintiff, defendant appeals. Affirmed.

A. S. Thurmond, of El Paso, for appellant.

Jones, Jones, Hardie & Grambling, of El Paso, for appellee.

WALTHALL, J. This is a suit in trespass to try title, brought by Fred D. Cook against Esteban Perez. The land is described by metes and bounds and is known as survey No. 133, a part of the San Elizario grant. Appellant pleaded not guilty, and the ten-year statute of limitation. The case was tried before a jury, and, on a finding against appellant on the issue of limitation, judgment was rendered in favor of appellee.

[1] Appellant presents one assignment. It is to the effect that appellee failed to establish title in himself to the land in controversy by a connected chain of title from the state. The point sought to be made is that, the town of San Elizario having been incorporated in 1871 by special charter by an act of the Legislature, and such special charter not having been repealed until 1891, it was in force in 1882, and the attempt to incorporate the town of San Elizario in 1879 under the general statutes was of no effect, and that the act of the officers of San Elizario, acting under the latter or general laws, conveying the title to the land in controversy and under which appellee claims title, was ineffectual to convey title and was null and void. We think appellant's contention cannot be sustained for the following reasons:

If the act of the officer in conveying the title of the town of San Elizario was invalid, as claimed, the title was validated, first, by the Acts of the 21st Legislature, Special Laws, Gammel's Laws, vol. 9, p. 1371; second, the deed was validated by general law, Acts of the 34th Legislature, First Called Session, 1915, § 1, chapter 12, p. 28 (Vernon's Ann. Civ. St. Supp. 1918, art. 5393a).

[2, 3] Again, appellee showed prior possession of the land in his grantors, under whom he claimed title, viz., Lujan and wife, and that Lujan and wife had placed appellant in possession to look after the land for them, his possession being their possession. The evidence also clearly shows that appellant, at the time of filing this suit was the tenant of appellee, and that appellant had recognized appellee as his landlord by renting the land and paying rent. In the brief filed by appellee, reference is made to the record in the suit of "The State of Texas v. Michael Meehan et al., No. 16282, 53d District Court, Travis County, Tex.," including judgment in said cause defining the boundaries of San Elizario and awarding judgment for defendants within the defined boundaries, as against

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

plaintiff, as to land sued for, including the land in controversy in this cause. It is claimed that the suit vested all title the state had, if any, in the defendants in that suit, including Lujan; but the record here is not sufficiently full for this court to say what the judgment in that case determines, and we make no holding as to the effect of the judgment in that case.

We think it clear that the judgment for appellee is well sustained by the record.

The judgment is affirmed.

---

⚖══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes